**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| MAPLE HOUSE RECORDS, LLC, | ) | CASE NO: 1:22-cv-02205 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| v. | ) | |
| | ) | **FIRST AMENDED ANSWER AND FIRST** |
| ELEVATION FESTIVALS LLC, | ) | **AMENDED COUNTERCLAIM OF** |
| | ) | **DEFENDANT ELEVATION FESTIVALS** |
| Defendant. | ) | **LLC** |
| | ) | |
| | ) | **[JURY DEMAND ENDORSED HEREON]** |
| | ) | |

## I.     FIRST AMENDED ANSWER TO THE COMPLAINT

Defendant Elevation Festivals, LLC ("Elevation") states for its First Amended Answer to the Complaint of Maple House Records LLC ("Maple House"):

1.     Elevation admits the allegations set forth in Paragraph 1 of the Complaint.

2.     Elevation denies the allegations set forth in Paragraph 2 of the Complaint for lack of information sufficient to form a belief.

3.     Elevation admits the allegations set forth in Paragraph 3 of the Complaint.

4.     Elevation admits the allegations set forth in Paragraph 4 of the Complaint.

5.     Elevation denies the allegations set forth in Paragraph 5 of the Complaint for lack of information sufficient to form a belief, specifically that it lacks information regarding all members of Maple House.

6.     Elevation admits that its members are not citizens of Pennsylvania. Elevation denies the remaining allegations in Paragraph 6 of the Complaint for lack of information sufficient to form a belief.

7.     Elevation admits the allegations set forth in Paragraph 7 of the Complaint.

1

8. Elevation denies the allegations contained in Paragraph 8 of the Complaint for lack of information sufficient to form a belief.

9. Elevation admits the allegations contained in Paragraph 9 of the Complaint.

10. Elevation admits the allegations set forth in Paragraph 10 of the Complaint.

11. Elevation admits the allegations set forth in Paragraph 11 of the Complaint.

12. Elevation admits the allegations set forth in Paragraph 12 of the Complaint.

13. Elevation admits the allegations set forth in Paragraph 13 of the Complaint.

14. Elevation denies the allegations set forth in Paragraph 14 of the Complaint.

15. Elevation admits that the Event was originally scheduled for September 25, 2021.

16. Elevation admits the allegations contained in Paragraph 16 of the Complaint.

17. Elevation denies the allegations contained in Paragraph 17 of the Complaint for lack of information sufficient to form a belief.

18. Elevation admits the allegations contained in Paragraph 18 of the Complaint.

19. Elevation admits the allegations set forth in Paragraph 19 of the Complaint.

20. Elevation admits the allegations set forth in Paragraph 20 of the Complaint.

21. Elevation admits the allegations set forth in Paragraph 21 of the Complaint but denies that the word "all" was in bold letters and underlined.

22. Elevation admits the allegations set forth in Paragraph 22 of the Complaint.

23. Elevation denies the allegations contained in Paragraph 23 of the Complaint.

24. Elevation admits the allegations contained in Paragraph 24 of the Complaint.

25. Elevation admits the allegations set forth in Paragraph 25 of the Complaint but denies that the word "all" was in bold letters and underlined.

26. Elevation admits the allegations contained in Paragraph 26 of the Complaint.

27. Elevation denies the allegations contained in Paragraph 27 of the Complaint for lack of information sufficient to form a belief.

28. Elevation denies the allegations contained in Paragraph 28 of the Complaint.

29. Elevation denies the allegations contained in Paragraph 29 of the Complaint.

30. Elevation denies the allegations contained in Paragraph 30 of the Complaint.

31. Elevation denies the allegations contained in Paragraph 31 of the Complaint.

32. Elevation denies the allegations contained in Paragraph 32 of the Complaint.

33. Elevation denies the allegations contained in Paragraph 33 of the Complaint.

34. Elevation admits that Maple House requested enhanced production, services, and accommodations. Elevation denies the remaining allegations contained in Paragraph 34 of the Complaint.

35. Elevation denies the allegations contained in Paragraph 35 of the Complaint.

36. Elevation denies the allegations contained in Paragraph 36 of the Complaint.

37. Elevation admits the allegations contained in Paragraph 37 of the Complaint.

38. Elevation denies the allegations contained in Paragraph 38 of the Complaint.

39. Elevation denies the allegations contained in Paragraph 39 of the Complaint.

40. Elevation denies the allegations contained in Paragraph 40 of the Complaint.

41. Elevation denies the allegations contained in Paragraph 41 of the Complaint.

42. Elevation denies the allegations contained in Paragraph 42 of the Complaint.

43. Elevation denies the allegations contained in Paragraph 43 of the Complaint.

44. Elevation denies the allegations contained in Paragraph 44 of the Complaint.

45. Elevation denies the allegations contained in Paragraph 45 of the Complaint.

46. Elevation denies the allegations contained in Paragraph 46 of the Complaint.

47. Elevation denies the allegations contained in Paragraph 47 of the Complaint.

48. Elevation denies the allegations contained in Paragraph 48 of the Complaint.

49. Elevation denies the allegations contained in Paragraph 49 of the Complaint.

50. Elevation denies the allegations contained in Paragraph 50 of the Complaint.

51. Elevation denies the allegations contained in Paragraph 51 of the Complaint.

52. Elevation stated on or about May 16, 2022 that "staffing, trucking and fuel are all more expensive than anticipated due to shortages globally, nationally and regionally" but denies the remaining allegations contained in Paragraph 52 of the Complaint.

53. Elevation denies the allegations contained in Paragraph 53 of the Complaint.

54. Elevation denies the allegations contained in Paragraph 54 of the Complaint.

55. Elevation denies the allegations contained in Paragraph 55 of the Complaint.

56. Elevation denies the allegations contained in Paragraph 56 of the Complaint.

57. Elevation denies the allegations contained in Paragraph 57 of the Complaint.

58. Elevation states that a preliminary statement was sent on or about June 21, 2022 but denies the remaining allegations contained in Paragraph 58 of the Complaint.

59. Elevation admits the allegations contained in Paragraph 59 of the Complaint.

60. Elevation denies the allegations contained in Paragraph 60 of the Complaint.

61. Elevation states that the final settlement statement was sent on or about September 23, 2022. Elevation denies any remaining allegations contained in Paragraph 61 of the Complaint.

62. Elevation admits that the final cost of the Event was $1,813,891.52 plus its $125,000.00 fee. Elevation denies any remaining allegations contained in Paragraph 62 of the Complaint.

63. Elevation admits that it sent backup materials with the final statement. Elevation denies any remaining allegations contained in Paragraph 63 of the Complaint.

64. Elevation admits the allegations contained in Paragraph 64 of the Complaint.

65. Elevation denies the allegations contained in Paragraph 65 of the Complaint.

66. Elevation denies the allegations contained in Paragraph 66 of the Complaint for lack of information sufficient to form a belief.

67. Elevation denies the allegations contained in Paragraph 67 of the Complaint.

68. Elevation admits the allegations contained in Paragraph 68 of the Complaint.

69. Elevation denies the allegations contained in Paragraph 69 of the Complaint.

70. Elevation denies the allegations contained in Paragraph 70 of the Complaint.

71. Elevation denies the allegations contained in Paragraph 71 of the Complaint.

72. Elevation denies the allegations contained in Paragraph 72 of the Complaint.

73. Elevation denies the allegations contained in Paragraph 73 of the Complaint.

74. Elevation denies the allegations contained in Paragraph 74 of the Complaint.

75. Elevation denies the allegations contained in Paragraph 75 of the Complaint.

76. Elevation states that it has not withheld money from Maple House. Elevation denies the remaining allegations contained in Paragraph 76 of the Complaint.

77. Elevation denies the allegations contained in Paragraph 77 of the Complaint.

78. Elevation denies the allegations contained in Paragraph 78 of the Complaint.

79. Elevation denies the allegations contained in Paragraph 79 of the Complaint.

80. Elevation denies the allegations contained in Paragraph 80 of the Complaint.

81. Elevation admits the allegations contained in Paragraph 81 of the Complaint.

82. Elevation denies the allegations contained in Paragraph 82 of the Complaint.

83. Elevation states that it is owed $262,246.45 under the Contract. Elevation denies any remaining allegations contained in Paragraph 83 of the Complaint.

84. Elevation denies the allegations contained in Paragraph 84 of the Complaint.

85. Elevation denies the allegations contained in Paragraph 85 of the Complaint.

86. Elevation states that it provided Maple House with an accounting of the Event. Elevation denies any remaining allegations contained in Paragraph 86 of the Complaint.

87. Elevation denies the allegations contained in Paragraph 87 of the Complaint.

88. Elevation states that it is owed $262,246.45. Elevation denies any remaining allegations contained in Paragraph 88 of the Complaint.

### COUNT I-BREACH OF CONTRACT

89. Defendant restates and reincorporates paragraphs 1 through 88 above as if fully rewritten herein.

90. Elevation admits the allegations contained in Paragraph 90 of the Complaint.

91. Elevation denies the allegations contained in Paragraph 91 of the Complaint.

92. Elevation denies the allegations contained in Paragraph 92 of the Complaint.

93. Elevation denies the allegations contained in Paragraph 93 of the Complaint.

94. Elevation denies the allegations contained in Paragraph 94 of the Complaint.

95. Elevation denies the allegations contained in Paragraph 95 of the Complaint.

96. Elevation denies the allegations contained in Paragraph 96 of the Complaint.

97. Elevation denies the allegations contained in Paragraph 97 of the Complaint.

98. Elevation denies the allegations contained in Paragraph 98 of the Complaint.

99. Elevation denies the allegations contained in Paragraph 99 of the Complaint.

100. Elevation denies the allegations contained in Paragraph 100 of the Complaint.

101. Elevation denies the allegations contained in Paragraph 101 of the Complaint.

102. Elevation denies the allegations contained in Paragraph 102 of the Complaint.

103. Elevation denies the allegations contained in Paragraph 103 of the Complaint.

**COUNT II – CONVERSION**

104. Defendant restates and reincorporates paragraphs 1 through 103 above as if fully rewritten herein.

105. Elevation denies the allegations contained in Paragraph 105 of the Complaint.

106. Elevation denies the allegations contained in Paragraph 106 of the Complaint.

107. Elevation denies the allegations contained in Paragraph 107 of the Complaint.

108. Elevation denies the allegations contained in Paragraph 108 of the Complaint.

109. Elevation denies the allegations contained in Paragraph 109 of the Complaint.

110. Elevation denies the allegations contained in Paragraph 110 of the Complaint.

111. Elevation denies the allegations contained in Paragraph 111 of the Complaint.

112. Elevation denies the allegations contained in Paragraph 112 of the Complaint.

113. Elevation denies the allegations contained in Paragraph 113 of the Complaint.

114. Elevation denies the allegations contained in Paragraph 114 of the Complaint.

**COUNT III – DECLARATORY JUDGMENT**

115. Defendant restates and reincorporates paragraphs 1 through 114 above as if fully rewritten herein.

116. Elevation denies the allegations contained in Paragraph 116 of the Complaint.

117. Elevation denies the allegations contained in Paragraph 117 of the Complaint.

118. Elevation denies the allegations contained in Paragraph 118 of the Complaint.

119. Elevation denies the allegations contained in Paragraph 119 of the Complaint.

120. Elevation denies the allegations contained in Paragraph 120 of the Complaint.

121. Elevation denies the allegations contained in Paragraph 121 of the Complaint.

122. Elevation denies the allegations contained in Paragraph 122 of the Complaint.

## **AFFIRMATIVE DEFENSES**

1. Defendant denies each and every allegation and averment set forth in Plaintiff's Complaint not specifically admitted herein to be true.

2. Plaintiff's Complaint fails to state a claim upon which relief can be granted with respect to some or all of the claims in the Complaint.

3. Defendant affirmatively states that Plaintiff has failed to join the necessary parties to this action.

4. Defendant affirmatively states that Plaintiff has failed to join indispensable parties to this action.

5. Plaintiff's Complaint is barred as a matter of contract.

6. Plaintiff's Complaint is barred by the doctrine of accord and satisfaction.

7. Plaintiff's Complaint is barred, in whole or in part, by want of consideration.

8. Some or all of Plaintiff's claims against Defendant are barred because the contractual provisions at issue are unenforceable or subject to limitation by the Court.

9. Plaintiff's claims against Defendant are barred or subject to reduction to the extent that Plaintiff has failed or in the future fails to mitigate its alleged damages.

10. Defendant is entitled to set-offs.

11. Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

12. Plaintiff's claims against Defendant are barred by the doctrines of *in pari delicto,* unclean hands, waiver, laches, and estoppel.

13. Defendant reserves the right to plead other affirmative defenses as they become known.

**WHEREFORE**, having fully answered, Defendant Elevation Festivals LLC respectfully requests that Plaintiff's Complaint be dismissed, and the Court award judgment in favor of the Defendant with an award of costs and attorneys' fees.

## II. FIRST AMENDED COUNTERCLAIM OF ELEVATION

NOW COMES Defendant/Counterclaim Plaintiff Elevation Festivals LLC ("Elevation"), by and through undersigned counsel, and for its First Amended Counterclaim against Plaintiff/Counterclaim Defendant Maple House Records, LLC ("Maple House") states and alleges as follows:

1. Elevation restates the allegations set forth in its Answer to the Complaint.

2. Elevation is an Ohio limited liability company, with its principal members residing in Ohio.

3. Maple House is believed to be a citizen of Pennsylvania, with its ultimate member being a citizen of Pennsylvania.

4. Jurisdiction exists in this court pursuant to diversity of citizenship. *See* 28 U.S.C. §1332(a).

5. Elevation and its members are citizens of Ohio, and upon information and belief, Maple House and its ultimate member are citizens of Pennsylvania.

6. The amount in controversy exceeds $75,000.00, exclusive of costs and interest.

7. Venue is proper in this judicial district. *See* 28 U.S.C. §1391.

8. Venue is proper in the Northern District of Ohio, Eastern Division, because the contract at issue provides that any dispute "will be litigated in an appropriate state or federal court located in Cleveland, Ohio."

9. Additionally, Elevation's corporate office is located within this judicial district.

10. Maple House's predecessor under the parties' Contract, attached to the Complaint as Exhibit A, hired Elevation to produce a music festival in Pittsburgh, Pennsylvania ("Event").

11. Initially, Thomas Tull, a billionaire from Pittsburgh, Pennsylvania, and his band, Ghost Hounds, entered into the Contract with Elevation to produce a **free** one-day music festival in Pittsburgh as a post-pandemic gift from Tull to the City of Pittsburgh.

12. By Letter Agreement Ghost Hounds, LLC purportedly assigned its interest in the Contract to Maple House Records, LLC. Thomas Tull is believed to be the ultimate member of Maple House.

13. The parties agreed that Maple House would pay Elevation a total of $1,409,760.00 to produce the one-day Event, which included a fee to Elevation of $125,000.00 for its services.

14. The original date of the Event was September 25, 2021, and at the request of Tull, entailed a one-day event, with one stage for up to 5,000 spectators with free admission to see 5-6 artists.

15. As a result of Tull's exclusive concerns around COVID-19, Tull cancelled the initial Event and had it rescheduled for May 21, 2022.

16. Due to the rescheduled date of the Event, Maple House tasked Elevation to secure a new venue as the previous venue was no longer available. Additionally, Maple House directed Elevation to increase the number of artists performing from 5-6 to 12 and then Maple House demanded that Elevation add one additional musical performer the week of the event. To

accommodate the increased number of performers, Elevation had to double the number of stages from 1 to 2.

17. Four days prior to the rescheduled Event, on May 17, 2022, the parties signed a Letter Agreement to the Contract that assigned Ghost Hounds' interests under the Contract to Maple House, and expanded the Event's capacity by 50%, from 5000 people to 7500 people in attendance.

18. Despite these significant changes to the Event, the Contract required that Maple House pay Elevation $1,409,760.00 to produce the Event.

19. In an effort to cover the expenses of the rescheduled Event, Elevation urged Maple House and Maple House agreed to charge an admission fee of $59 per ticket.

20. Maple House and Elevation understood that the ticket revenue would be used for increased costs of the larger and rescheduled Event.

21. From January 2022 through May 2022, Maple House and Elevation collaborated during daily communication and weekly conference calls to expand the rescheduled Event.

22. Maple House made specific demands of Elevation and its vendors to make upgrades to the rescheduled Event, including backstage accommodations, production and logistics support and capabilities specific to Maple House and its designees, VIP hospitality, catering, performance audio, radio communications and more that all increased the Event's cost.

23. Maple House was to pay Elevation in three installments. Maple House paid the first payment of $909,000.00 in July 2021, and the second payment of $250,000.00 on May 17, 2022.

24. Maple House has failed to pay the balance of the amount owed under the Contract of $250,760.00.

25. To date, Maple House has only paid Elevation $1,159,000.00, which is not the $1,409,760.00 it agreed to under the Contract.

26. Throughout the planning of the Event, Elevation consistently communicated with Maple House regarding the expenses of the rescheduled and expanded Event and reported ticket sales information and corresponding revenue that would be used to fund the Event.

27. The Event was successfully produced on May 21, 2022, with accolades from both the local press, Mr. Tull's band and family and Maple House executives.

28. Mr. Tull's wife posted on her Instagram page: "Maple House Music Festival…amazing!" Mr. Tull's band, Ghost Hounds, posted on their Twitter feed: "MapleHouseFest was a blast! Huge props to the organizers, producers and vendors for being rockstars." Maple House's President, DaLyn Bauman, texted Elevation's representative stating, "She (Mrs. Tull) loves to get wild at shows- goes to a lot of concerts but never festivals… I am very glad expense wasn't spared to create that experience backstage. Everyone was very impressed."

29. In total, the rescheduled and expanded Event's cost increased by 38% or $529,021.52.

30. Ultimately, this increased cost was offset by the Event's revenue of $519,327.42.

31. Maple House was provided an initial accounting of revenues from the Event on June 3, 2022.

32. At no time after receiving 31 written reports from Elevation accounting for ticket sales did Maple House make any demand for Elevation to transfer those monies to Maple House.

33. Elevation provided Maple House a final Event accounting on September 23, 2022, a copy of which is attached hereto as **Exhibit 1.**

34. Elevation also requested Maple House pay the third and final payment under the contract of $262,246.45, which represents the remaining $250,760.00 due under the payment of

expenses in the Contract and an outstanding amount for the Event's insurance coverage of $11,486.45.

35. Maple House refused to pay the third and final payment due under the Contract.

36. Elevation hired undersigned counsel, who wrote demand letters to Maple House requesting payment of the same amount. A copy of the Initial Demand Letter dated November 2, 2022 is attached hereto as **Exhibit 2.**

37. Elevation's counsel also advised Maple House that it had no basis to threaten or defame Elevation's reputation for professionalism. A copy of Elevation's Second Demand Letter is attached hereto as **Exhibit 3.**

## COUNT I – BREACH OF CONTRACT

38. Elevation restates and realleges paragraphs 1 through 37 as if fully rewritten herein.

39. A contract existed between Maple House and Elevation. *See* Exhibit A & B to the Complaint.

40. Elevation has performed all its obligations under the Contract, by successfully producing the Event.

41. Maple House breached the Contract by failing to pay the third and final payment under the terms of the Contract.

42. As a result of Maple House's conduct, Elevation has suffered damages.

43. Maple House also breached its duty of good faith and fair dealing.

44. Maple House agreed to pay Elevation a flat amount of $1,409,760.00, which it has not done.

45. Maple House, by its actions, destroyed or injured Elevation's right to receive the benefits of the Contract, a flat-fee for its services.

46. Maple House acted in bad faith in its purported attempted performance under the Contract.

47. As an actual and proximate cause of Maple House's breach of contract and breach of the duty of good faith and fair dealing, Elevation has been damaged in an amount to be proven at trial.

48. As a result of Maple House's bad faith, Elevation is entitled to an award of attorneys' fees.

## COUNT II – DECLARATORY JUDGMENT

49. Elevation restates and realleges paragraphs 1 through 48 as if fully rewritten herein.

50. A real controversy exists between the parties- whether Maple House is required to pay Elevation a total of $1,409,760.00 to produce the Event.

51. To date Maple House has only paid Elevation $1,159,000.00.

52. This controversy is one that is justiciable by this Court.

53. Prompt relief is necessary to preserve the rights of the parties, because Elevation is owed at least $250,760.00.

54. Elevation's interpretation of the Contract comports with the plain language of the Contract.

55. Maple House's interpretations of the Contract is not supported by the language of the Contract or industry custom and practice.

56. A decision by this Court will resolve the dispute.

57. Elevation is entitled to a declaration that Maple House must pay Elevation a total of $1,409,760.00 under the Contract, and that Maple House is required to pay Elevation the remaining amount of $250,760.00.

WHEREFORE, Elevation respectfully prays for an Order from the Court:

1. On Count I, damages in an amount to be proved at trial, prejudgment interest, and attorneys' fees;

2. On Count II, a declaration that (i) Maple House is required to pay Elevation a total of $1,409,760.00, and (ii) Maple House is required to pay Elevation the remaining amount of $250,760.00;

3. Reasonable attorney fees, expenses, and costs; and

4. Such further relief as the Court deems equitable and just.

Respectfully submitted,

_____

Robert J. Dubyak (0059869)
Christina C. Spallina (0088548)
Dubyak Nelson, LLC
6105 Parkland Boulevard, Suite 230
Cleveland, Ohio 44124
Tel: 216-364-0500
Fax: 216-364-0505
Email: rdubyak@dubyaknelson.com
　　　　cspallina@dubyaknelson.com

*Attorneys for Elevation Festivals, LLC*

## JURY DEMAND

Elevation Festivals LLC demands a trial by jury.

_____
*One of the Attorneys for Defendant Elevation Festivals, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that on January 6, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

_____
*One of the Attorneys for Defendant Elevation Festivals, LLC*